UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 1:22-CV-00160-GNS-HBB

DEREK MORTLAND                                                                                              PLAINTIFF

v.

JAY HARI LLC                                                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion in Limine (DN 33); Defendant's Motion for Partial Summary Judgment (DN 34); Plaintiff's Motions in Limine (DN 35, 37); and Plaintiff's Motion for Summary Judgment (DN 36). The motions are ripe for adjudication.

### I.   BACKGROUND

Plaintiff Derek Mortland ("Mortland") has physical disabilities requiring a wheelchair to travel in public. (Mortland Aff. ¶ 2, DN 36-3). Defendant Jay Hari LLC ("Hari LLC") is a Kentucky company that owns and operates the Ramada by Wyndham hotel ("Ramada"), located in Bowling Green, Kentucky, which was built in 1970 and purchased by Hari LLC in 2013. (Answer ¶ 2, DN 7; Def.'s Resp. Pl.'s Mot. Summ. J. Ex. A, at 1, DN 40-1). Mortland alleged he stayed at the Ramada in October 2022, but the barriers to access on the property prevented him "full and equal access to the property." (Mortland Aff. ¶ 4; Compl. ¶¶ 13-15, DN 1; Pl.'s Mem. Supp. Mot. Summ. J. 2, DN 36-1). Mortland also claims his booking confirmation reflected a "mobility accessible" room would be available to him. (*See* Pl.'s Mot. Summ. J. Ex. 3A, at 1, DN 36-6 [hereinafter Booking Confirmation]).

Mortland later investigated the alleged violations and prepared a report in his capacity as an inspector and president of Advanced Access, LLC, an accessibility evaluation company. (*See*

1

*generally* Pl.'s Mot. Summ. J. Ex. 4B, DN 36-9 [hereinafter Mortland Report]). The report delineated 130 barriers on the Ramada property and provided an estimated cost to rectify each barrier—totaling $193,150.00. (*See* Pl.'s Mot. Summ. J. Ex. 4E, at 1-2, DN 36-12 [hereinafter Pl.'s Cost Estimate]).

In response, Hari LLC hired Scott Arias of ACE Consulting ("Arias") to evaluate the Mortland Report. (*See* Pl.'s Mot. Summ. J. Ex. 5, at 8-9, DN 36-13 [hereinafter Arias Report]). Arias' report (the "Arias Report") agreed with many findings in the Mortland Report except for thirty-five of the barriers, the total cost estimate, and Mortland's failure to account for the hotel's age and extent of repairs. (Arias Report 7; Pl.'s Mem. Supp. Mot. Summ. J. 9). The Arias Report estimated a total cost of $126,715.61 to remedy the violations. (*See* Def.'s Expert Witness Disclosure Ex. 2, at 7, DN 29-2 [hereinafter Def.'s Cost Estimate]).

Mortland brings discrimination claims under the Americans with Disability Act of 1990 ("ADA") and the Kentucky Civil Rights Act ("KCRA"). (*See* Compl. ¶ 1). Under his ADA claim, Mortland seeks injunctive relief, attorneys' fees, litigation expenses, and costs of suit. (*See* Compl. 14-15). Under the KCRA, Mortland requests injunctive relief, compensatory damages, punitive damages, and attorneys' fees and costs. (*See* Compl. ¶¶ 49-50). Mortland moves for summary judgment on his ADA and KCRA claims, and Hari LLC moves for partial summary judgment as to Mortland's request for punitive damages. (*See generally* Pl.'s Mot. Summ. J., DN 36; Def.'s Mot. Partial Summ. J. 4-6, DN 34). Both Mortland and Hari LLC also seek to exclude evidence through various motions in limine. (*See* Def.'s Mot. Lim., DN 33; Pl.'s 1st Mot. Lim., DN 35; Pl.'s 2d Mot. Lim., DN 37).

## II.   JURISDICTION

The Court exercises subject-matter jurisdiction over this matter based upon federal question jurisdiction.  *See* 28 U.S.C. § 1331.  This Court has jurisdiction over the state law claims through supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## III.   DISCUSSION

### A.   Motions for Summary Judgment

When reviewing a motion for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).  "When moving for summary judgment[,] the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id*. (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

While the Court views the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted).  Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed.

3

R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### 1. *Standing, Disability, & Operation of a Public Accommodation*

Mortland first requests summary judgment for the following issues: (1) his Article III standing to bring suit, (2) that he is a person with a disability, and (3) Hari LLC owns, leases, or operates a place of public accommodation. (Pl.'s Mem. Supp. Mot. Summ. J. 24). Hari LLC has admitted that it operates the Ramada but does not raise additional arguments or evidence to contest or create a dispute of material fact as to these other issues in its response. (Answer ¶ 2; *see generally* Def.'s Resp. Pl.'s Mot. Summ. J., DN 40).

This Court has treated a nonmoving party's lack of a response to certain arguments in a moving party's motion for summary judgment as a waiver and granted summary judgment on the unopposed claims. Because Hari LLC does not contest that Mortland has standing, he has a disability under the KCRA and ADA, or that Hari LLC operates a business that is a public accommodation, Mortland is entitled to summary judgment as to those issues. *See Green v. Oak Grove Police Dep't*, No. 5:22-CV-00038-GNS, 2024 WL 733647, at *4 (W.D. Ky. Feb. 22, 2024); *see also Scott v. Tennessee,* 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." (citation omitted)); *Degolia v. Kenton Cnty.*, 381 F. Supp. 3d 740, 759-60 (E.D. Ky. 2019) ("As a practical matter, 'it is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to

4

address as conceded.'" (quoting *Rouse v. Caruso*, No. 06-CV-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011))).

### 2. *ADA Claims*

To establish failure to accommodate under the ADA, "a plaintiff must demonstrate that (1) he has a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against him on the basis of his disability in the full and equal enjoyment of that place of public accommodation." *Snyder v. Lady Slings the Booze, LLC*, 73 F. Supp. 3d 871, 874 (W.D. Ky. 2014) (citations omitted). Since Mortland has established the first two elements of his ADA claim, the analysis will focus on the third element and any applicable defenses.

Mortland asserts that Hari LLC failed to assert a proper "readily achievable" defense to his established KCRA and ADA claims, remedy the statutory violations at the property, or offer alternative methods to make services and facilities available when remediable steps are not possible. (Pl.'s Mem. Supp. Mot. Summ. J. 12-14). Hari LLC counters that Mortland has not met his obligation under the burden-shifting framework and failed to show these alterations were "readily achievable" in light of Hari LLC's earnings and resources. (Def.'s Resp. Pl.'s Mot. Summ. J. 2, 4-5).

The ADA generally prohibits discrimination against the disabled by operators of public accommodations. *See generally* 42 U.S.C. §§ 12101-12213. Title III defines and details discrimination by owners, lessors, and operators of public accommodations. Under the ADA, a public accommodation includes "an inn, hotel, motel, or other place of lodging . . . ." *Id.* § 12181(7). Title III prohibits actions which fail "to afford an individual or class of individuals, on the basis of a disability . . . with the opportunity to participate in or benefit from a good, service,

facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals . . . ." *Id.* § 12182(b)(1)(a)(ii), (iv) (providing that individuals who are clients or customers of public accommodations have statutory protection).

Title III recognizes discrimination may be "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable . . . ."[1] *Id.* § 12182(b)(2)(A)(iv). Discrimination also includes "a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." *Id.* § 12182(b)(2)(A)(v). Whether a barrier removal is readily achievable is "determined on a case-by-case basis in light of the particular circumstances presented." *Snyder*, 73 F. Supp. 3d at 875. There are several factors to assess when determining if removing a barrier is readily achievable:

> (A) the nature and cost of the action needed under this Act;
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
> (D) the type of operation or operations of the covered entity, including the compensation, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9)(A)-(D).

The Sixth Circuit has not determined which party must meet the initial burden under this framework, but sister courts in the Sixth Circuit have applied the Tenth Circuit's burden-shifting framework. *See Colo. Cross Disability Coal. v. Hermanson Fam. Ltd. P'ship I*, 264 F.3d 999, 1003-04 (10th Cir. 2001) (adopting a burden shifting framework for ADA claims where the

---

[1] "Existing facilities" are those built before January 26, 1993. *See* 42 U.S.C. § 12183(a)(1).

plaintiff has the initial burden); *see also Young v. Kali Hosp., LTD.*, No. 2:07-CV-395, 2010 WL 3037017, at *8 (S.D. Ohio Aug. 2, 2010) (adopting *Colorado Cross*'s framework). In *Colorado Cross*, the Tenth Circuit held "[a] [p]laintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable, *i.e.*, can be accomplished easily and without much difficulty or expense." *Colo. Cross*, 264 F.3d at 1005-06. When a plaintiff meets this burden, a defendant may rebut that showing and has "the ultimate burden of persuasion regarding its affirmative defense that a suggested method of barrier removal is not readily achievable." *Id.* at 1006. Sister courts in the Sixth Circuit have treated "[d]etermining 'whether a specific change is readily achievable is a fact intensive inquiry that will rarely be decided on summary judgment.'" *Neal v. Divya Jyoti Ltd.*, No. 2:18-CV-958, 2019 WL 3416255, at *13 (S.D. Ohio July 29, 2019) (internal quotation marks altered) (citations omitted).

This Court must determine whether each party has met their burden under *Colorado Cross* and whether Mortland's suggested renovations were readily achievable as a matter of law. His report delineated one hundred thirty barriers with pictures, commentary, and an approximate individualized cost per barrier totaling $193,150. (*See* Mortland Report 2; Pl.'s Cost Estimate 1-2). The Mortland Report included details like itemized and total costs, classifying priority fixes over others, photos of the violations, and visual diagrams. (*See* Mortland Report 2; Pl.'s Cost Estimate 1-2). Mortland has satisfied his initial burden "in light of the particular circumstances presented." *Snyder*, 73 F. Supp. 3d at 875. Having satisfied his burden, the obligation then shifts to Hari LLC. *See Neal*, 2019 WL 3416255, at *13 (holding a plaintiff established his burden when his report included enough information to put the defendant on notice to properly evaluate the violations, the needed remedies, and their respective costs).

In response, Hari LLC has submitted the Arias Report detailing the cost estimates and renovations required in order to attain ADA compliance, at a cost of $126,715.61. (*See* Arias Report 7-8; Def.'s Cost Estimate 2).[2] Hari LLC also provided a balance sheet of its outstanding loan balance and income not adjusted for operational costs.[3] The main point of contention between the parties' respective determinations is the cost difference and the length of time needed to complete these modifications. This determination of which amount is a correct estimate and the feasibility of the corresponding financial burden reflect disputed material facts, which preclude summary judgment. *See Neal*, 2019 WL 3416255, at *13 (holding whether proposed modifications were readily achievable for a defendant in light of provided information on outstanding mortgage and tax obligations was a question for the jury). Mortland's motion for summary judgment as to his ADA claims will be accordingly denied.

    3.    *KCRA*

Mortland asserts the KCRA mirrors the ADA, and by establishing his ADA claim, his KCRA claim "is analyzed in the same fashion as federal claims arising under disability discrimination." (Pl.'s Mem. Supp. Mot. Summ. J. 23-24). He accordingly moves for summary judgment on his KCRA claim based on this argument alone. Hari LLC does not make any mention of the KCRA in its response but appears to intend its ADA arguments to also apply to the KCRA as to why summary judgment should be denied.

The Kentucky Supreme Court has interpreted the KCRA to be consistent with the standards of the ADA. *See Howard Baer, Inc. v. Schave*, 127 S.W.3d 589, 592 (Ky. 2003); *see also Brohm*

---

[2] Hari LLC notes it will have a witness who will testify the cost is closer to $560,000.00. (Def.'s Resp. Pl.'s Mot. Summ. J. 5-6).
[3] Hari LLC references this in its supplemental answers, but these do not appear to be attached. (*See* Def.'s Resp. Pl.'s Mot. Summ. J. 2; *see also* Def.'s Resp. Pl.'s Mot. Summ. J. Ex. 3, at 5, DN 40-3).

*v. JH Props., Inc.*, 149 F.3d 517, 520 (6th Cir. 1998) (stating that "the language of the [KCRA] mirrors the language of" the ADA). In relevant part, the KCRA provides:

> [I]t is an unlawful practice for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement, as defined in KRS 344.130, on the ground of disability, race, color, religion, or national origin.

KRS 344.120. The KCRA's definition of public accommodation includes "any place, store, or other establishment, either licensed or unlicensed, which supplies goods or services to the general public . . . ." KRS 344.130. In order to state a prima facie case for disability discrimination under KRS 344.120, a plaintiff must allege:

> (1) [he] is a member of a protected class;
> (2) [he] sought to make or enforce a contract for services ordinarily provided by the defendant; and
> (3) [he] was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that
> > (a) [he] was deprived of services while similarly situated persons outside the protected class were not[;] and/or
> > (b) [he] received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory.

*Hinton v. Am. Airlines, Inc.*, No. 3:23-CV-00271-GNS, 2024 WL 102218, at *4 (W.D. Ky. Jan. 9, 2024) (citations omitted).

Mortland's basis for summary judgment on his KCRA claim remain undeveloped. His argument first fails because Mortland asserts his KCRA claims hold equal merit to his ADA claims, for which factual disputes remain as discussed above. (Pl.'s Mem. Supp. Mot. Summ. J. 23-24). For summary judgment, Mortland must show "the absence of a genuine dispute as to a material fact", which he has failed to do. (*See* Pl.'s Mem. Supp. Mot. Summ. J. 23-24); *see also Celotex Corp.*, 477 U.S. at 323.

On the merits of his KCRA claim, Mortland has not shown that he was deprived of benefits or privileges compared to similarly situated individuals, nor has he demonstrated he received service in a hostile manner. *See* KRS 433.120(3). Mortland makes only allegations, unsupported by citations to the record, that Hari LLC had knowledge of the violations as evidenced by the online details of his booking confirmation and the numerous violations in his report. (Pl.'s Mem. Supp. Mot. Summ. J. 23-24; *see also* Pl.'s Resp. Def.'s Mot. Partial Summ. J. 7-8; Booking Confirmation 1). He does not elaborate or offer any evidence of interactions that would put Hari LLC on notice that Mortland was either deprived of services or treated in a "markedly hostile" way. (Pl.'s Mem. Supp. Mot. Summ. J. 23-24). The absence of supporting evidence in the record demonstrates that Mortland has failed to establish "the absence of a genuine dispute as to a material fact" and entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 323. Mortland's motion for summary judgment on his KCRA claim, therefore, is denied.

   **4.   *Punitive Damages***

Hari LLC seeks summary judgment on Mortland's request for punitive damages for the KCRA violations, arguing Mortland has not shown it acted with malice to warrant punitive damages but correctly noting the absence of authority allowing punitive damages under the KCRA. (*See* Def.'s Mot. Partial Summ. J. 4-6). Mortland incorrectly posits KRS 411.186, a broader tort provision, allows courts to assess punitive damages even under the KCRA.[4] (*See* Pl.'s Resp. Def.'s Mot. Partial Summ. J. 3-5, DN 41). He also argues he may prove malice by showing the

---

[4] Plaintiff cites *Timmons v. Wal-Mart Stores, Inc.*, 33 F. Supp. 2d 577, 578 (W.D. Ky. 1999), which allowed for punitive damages, but he has failed to note the Sixth Circuit's subsequent opinion abrogating *Timmons*. *Contrast Lewis v. Quaker Chem. Corp.*, 229 F.3d 1152, 2000 WL 1234356, at *11 (6th Cir. 2000) ("Although the Kentucky appellate court's decision in *McCullough* is informative, absent a Kentucky Supreme Court decision to the contrary, we do not interpret § 344.450 to allow for punitive damages. Accordingly, we [affirm] the district court's grant of summary judgment for *Quaker*, dismissing plaintiff's claim for punitive damages.").

10

inaccuracies of Ramada's online representations and the number of unaddressed violations. (*See* Pl.'s Resp. Def.'s Mot. Partial Summ. J. 7-8; Booking Confirmation 1).

KRS 344.450 provides:

> Any person injured by any act in violation of the provisions of [the KCRA] shall have a civil cause of action in Circuit Court to enjoin further violations, and to recover the actual damages sustained, together with the costs of the [lawsuit]. The court's order or judgment shall include a reasonable fee for the plaintiff's attorney of record and any other remedies contained in this chapter.

KRS 344.450. Kentucky courts have interpreted KRS 344.450 to preclude the recovery of punitive damages under the KCRA. *See Ky. Dep't of Corr. v. McCullough*, 123 S.W.3d 130, 138-40 (Ky. 2003) (concluding that KRS 344.450 does not authorize the recovery of punitive damages under the KCRA); *Brooks v. Lexington-Fayette Urb. Cnty. Hous. Auth.*, 132 S.W.3d 790, 808 (Ky. 2004) (citing *Ky Dep't. of Corr.*, 123 S.W.3d at 137-38). Regardless of the merits of Mortland's claims, punitive damages sought under the KCRA are unavailable. Hari LLC's motion for partial summary judgment as to punitive damages (DN 34) is granted.

### B. Motions in Limine

A ruling on a motion in limine is "no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983)) (citations omitted). The Court may revisit its rulings on these motions "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

Hari LLC and Mortland have each filed motions in limine to exclude various evidentiary matters. (*See* Def.'s Mot. Lim.; Pl.'s 1st Mot. Lim.; Pl.'s 2d Mot. Lim.). The Court takes each of these motions and corresponding arguments in turn.

11

1. *Defendant's Motion in Limine*

   a. **Insurance Coverage**

Hari LLC first argues that, under Fed. R. Evid. 411, no evidence of its insurance coverage should be introduced at trial to show evidence of negligence or for another purpose. (Def.'s Mot. Lim. 1). Mortland does not contest "the inadmissibility of insurance policies and settlement negotiations, and statements concerning thereof, to show liability on the part of [] [Hari LLC]." (Pl.'s Resp. Def.'s Mot. Lim. 4, DN 38). Mortland avers that he may introduce this evidence for other reasons "such as a witness's bias or prejudice or [] [Hari LLC]'s agency, ownership, or control." (Pl.'s Resp. Def.'s Mot. Lim. 4 (citing Fed. R. Evid. 408, 411)).

It is true that Fed. R. Evid. 411 expressly precludes the introduction of evidence as to whether a party has insurance, "[b]ut the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411. This Court has held before that an expert witness may be questioned as to whether he testified on an insurance company's behalf. *Giles v. Sam's E., Inc.*, No. 1:18-CV-00170-GNS-HBB, 2021 WL 6274876, at *4 (W.D. Ky. Sept. 23, 2021). Mortland agrees that he may not introduce proof of insurance to prove negligence. (Pl.'s Resp. Def.'s Mot. Lim. 4). Both parties must comply with Fed. R. Evid. 411—Mortland may not introduce the evidence of insurance to prove Hari LLC "acted negligently or otherwise wrongfully[,]" but the evidence may be introduced for other purposes. Fed. R. Evid. 411. It appears evidence of Hari LLC's insurance would not be admissible at trial, subject to Mortland's ability to demonstrate otherwise.

   b. **Undisclosed Opinions**

Hari LLC wishes to exclude testimony from "Plaintiff, his counsel, and their lay witnesses . . . regarding, or informing the jury of any reports, impressions, or opinions of

12

Plaintiff's expert(s) not previously disclosed to [Defendant] pursuant to Rule 26.02(4) and Rule 26(e)(2) of the Federal Rules of Civil Procedure." (Def.'s Mot. Lim. 2). Defendant does not point to any specific witness or testimony to be excluded, but indicates Mortland has not disclosed certain financial experts. (*See* Def.'s Mot. Lim. 2). This motion fails in its particulars and is therefore denied at this juncture.

### c.  Golden Rule

Hari LLC seeks to bar Mortland's potential use of language asking jurors to place themselves "'in the shoes' of Plaintiff," which Hari LLC refers to as "the Golden Rule." (Def.'s Mot. Lim. 3). Hari LLC justifies its motion by noting that jurors are required to make decisions, "based solely upon the evidence presented, not upon emotional appeals designed to encourage sympathy and other responses that are inappropriate in a court of law." (Def.'s Mot. Lim. 3). The Sixth Circuit has prohibited "Golden Rule" arguments, holding that they are prejudicial. *See Mich. First Credit Union v. Cumis Ins. Soc'y, Inc.*, 641 F.3d 240, 248-49 (6th Cir. 2011); *Johnson v. Howard*, 24 F. App'x 480, 497 (6th Cir. 2001) ("Those circuits that have considered use of 'Golden Rule' arguments have 'universally condemned' them as improper because they invite decision based on bias and prejudice rather than consideration of facts."). Since Mortland does not intend to invoke a blatantly improper argument, Hari LLC's motion is granted. (Pl.'s Resp. Def.'s Mot. Lim. 3).

### d.  Settlement Negotiations

Hari LLC requests this Court exclude evidence of a settlement under Fed. R. Evid. 408, and Mortland does not disagree with this exclusion. (Def.'s Mot. Lim. 3-4; Pl.'s Resp. Def.'s Mot. Lim. 3-4). Mortland caveats that he may introduce this evidence to show a witness's bias,

13

prejudice, or challenge a witness's credibility. (Pl.'s Resp. Def.'s Mot. Lim. 3-4). Because this evidence is generally excluded by Fed. R. Evid. 408, the motion is provisionally granted.

### e. Witness or Expert Testimony

The parties have made arguments in their respective motions to bar the other from presenting expert testimony as to the "readily achievable" prong testimony. (*See* Def.'s Mot. Lim. 4-5; Pl.'s Mem. Supp. 1st Mot. Lim. 4-6). Hari LLC seeks to bar Mortland from offering testimony as an expert on what is "readily achievable" under the law, arguing that Mortland is unqualified to provide testimony an expert to financial matters, and only the jury should decide this question of fact. (Def.'s Mot. Lim. 4-5). Mortland, in turn, counters that expert testimony is permissible to meet the burden of production under *Colorado Cross*, including for financial considerations. (Pl.'s Resp. Def.'s Mot. Lim. 2-3).

Fed. R. Evid. 702 allows an expert with "scientific, technical, or other specialized knowledge" to testify if it will "assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702. Mortland's testimony regarding his report does not seek to directly prove the readily achievable prong as a matter of law, but rather, the Mortland Report provides evidence as to the factors that either support or undermine a jury's finding that particular changes were readily achievable. (*See* Mortland Report 2; Pl.'s Cost Estimate 1-2; Def.'s Cost Estimate 2). The Mortland Report contains information such as a description of the violation, the change needed, the cost of each individual alteration, an estimated total cost, and the overall feasibility and timeline of such changes. (*See* Mortland Report 2; Pl.'s Cost Estimate 1-2). This testimony ultimately may assist a jury in understanding the nuances of ADA violations, complicated construction projects, and the methodology employed to reach these determinations,

in short evidence that Fed. R. Evid. 702 permits to lessen the intellectual burden on juries for complex matters. The motion is denied on this basis.

### 2.     *Plaintiff's Motions in Limine*

#### a.     **Expert Witness**

Mortland first argues that Hari LLC's expert should not be able to testify as certain factors of "whether the removal of architectural barriers at [Hari LLC]'s property is 'readily achievable.'" (Pl.'s Mem. Supp. 1st Mot. Lim. 1, 5-6, DN 35-1). Similar to Hari LLC's motion in limine, Mortland also asserts Arias lacks the qualifications to serve as an expert witness regarding financial factors and questions including feasibility of alternatives, given Hari LLC's financial state. (Pl.'s Mem. Supp. 1st Mot. Lim. 4-6). Hari LLC counters that if the Court were to grant this motion, this would limit both Hari LLC's and Mortland's ability to present evidence at the heart of the case. (Def.'s Combined Resp. Pl.'s Mots. Lim. 4-5, DN 39).

Like Hari LLC's argument for excluding expert testimony, Mortland mistakes presenting evidence of whether, removal of a barrier was readily achievable with the jury's ultimate finding on that question. (Pl.'s Mem. Supp. 1st Mot. Lim. 4-6). Fed. R. Evid. 702 seeks to permit experts to assist juries in understanding complex or nuanced matters. *See* Fed. R. Evid. 702. Hari LLC argues the testimony would only address "additional and precise details" of the work that ultimately needed to be completed at the Ramada, ultimately assisting the jury in determining whether the changes were readily achievable. (*See* Def.'s Combined Resp. Pl.'s Mots. Lim. 4-5 (emphasis omitted)).

Hari LLC has suggested Arias will only testify as to his findings and disagreements with the Mortland Report, which addresses construction matters. (*See* Def.'s Expert Witness Disclosure ¶ 1, DN 29; Pl.'s Mem. Supp. 1st Mot. Lim. 4-5). Given that Mortland has not contested Arias'

15

qualifications, the precise nature of this objection is unclear; accordingly, Mortland's motion is denied.

### b. Scope of Work Report

Mortland also requests exclusion of the Scope of Work Report because it was untimely filed. (Pl.'s Mem. Supp. 2nd Mot. Lim. 1-2, DN 37-1). Expert discovery was initially due on March 29, 2024, and the deadline was extended to April 12, 2024. (Scheduling Order ¶ 7, DN 14; Order ¶ 5, DN 21). Hari LLC submitted the Scope of Work Report on July 22, 2024. (*See generally* Def.'s Resp. Pl.'s Mot. Summ. J. Ex. 5, DN 40-5). Under Fed. R. Civ. P. 37(c)(1), Mortland argues that this report must be excluded because Hari LLC's delay was not substantially justified or harmless. (Pl.'s Mem. Supp. 2nd Mot. Lim. 4-5). Hari LLC essentially argues that this information was harmless and known to Mortland. Fed. R. Civ. P. 37(c)(1); (Def.'s Combined Resp. Pl.'s Mots. Lim. 3-4).

If a disclosure is untimely, it will be excluded unless the untimeliness was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1); *see Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("[T]he heart of Rule 37(c)(1) [is] separating 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion.") (internal quotation marks omitted) (citations omitted). "The potentially sanctioned party bears the burden of proving that their noncompliance with the disclosure rules was substantially justified or harmless." *Morris v. Tyson Chicken, Inc.*, No. 4:15-CV-00077-JHM, 2019 U.S. Dist. LEXIS 208057, at *5 (W.D. Ky. Dec. 3, 2019) (citing *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)).

Although it is untimely, the Court will not strike the Scope of Work Report because Hari LLC's failure to disclose such information in compliance with the 2021 Scheduling Order was

16

harmless and does not appear to have been the product of "underhanded gamesmanship" that Fed. R. Civ. P. 37(c)(1) guards against. *Bisig*, 940 F.3d at 219 (internal quotation marks omitted) (citations omitted). As Mortland noted, the Scope of Work Report dovetails with the majority of the Mortland Report and simply outlines points of disagreement; it does not present information or findings that would prejudice Mortland, given his own knowledge and detailed report on the structure. (*See* Pl.'s Mem. Supp. Mot. Lim. 2). The inclusion of the report does not serve as an effort to include improper information because Hari LLC also indicated that the general contractor will be called as a witness, and the expert is available for cross-examination. (*See* Def.'s Expert Witness Disclosure ¶ 1). For these reasons, Mortland's motion in limine is denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion in Limine (DN 33) is **GRANTED IN PART** and **DENIED IN PART**.

2. Defendant's Motion for Partial Summary Judgment (DN 34) is **GRANTED**.

3. Plaintiff's Motions in Limine (DN 35, 37) are **DENIED**.

4. Plaintiff's Motion for Summary Judgment (DN 36) is **GRANTED IN PART** and **DENIED IN PART**.

Greg N. Stivers, Chief Judge
United States District Court

February 11, 2025

cc: counsel of record